<div style="text-align:center">

# GERALD L. SHARGEL
### LAW OFFICES

</div>

GERALD L. SHARGEL
ROSS M. KRAMER
EVAN L. LIPTON
JENNIFER HAYS

1790 BROADWAY, SUITE 1501
NEW YORK, NEW YORK 10019
TEL: 212.446.2323
FAX: 212.446.2330
info@shargellaw.com

May 3, 2013

By ECF
Hon. Dora L. Irizarry
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:     United States v. Gjevalin Berisha et al.
                        Cr. No. 11-486

Dear Judge Irizarry:

      I write on behalf of Gjevalin Berisha, who is scheduled to be sentenced on May 24, 2013. Berisha pleaded guilty plea to Conspiracy to Distribute Marijuana on November 6, 2012. We respectfully request that he receive the lowest possible sentence.[1]

### Berisha should receive consideration for the thirty-three months he has already served for conduct relevant to the instant offense

      As noted in the Presentence Report, Berisha has been in local federal custody since June 8, 2010, when he was arrested pursuant to a Southern District of New York indictment charging Conspiracy to Distribute Marijuana between 2003 and 2007. (PSR ¶ 27) Berisha pleaded guilty to the SDNY indictment on May 17, 2011 and was sentenced on September 16, 2011. He was charged in the instant EDNY matter (pertaining to conduct between 2001 and 2011) on July 14, 2011, while awaiting sentencing. The SDNY case was part of the same "course of conduct" as the instant offense, and is therefore deemed "relevant conduct". (Id.; see also U.S.SG. § 1B1.3(a)(2)). He completed serving this sentence on March 6, 2013[2]. (PSR ¶ 57) Counsel joins the Probation Department's recommendation that Berisha be given "consideration for the

---

[1] I recognize that this is an abbreviated submission. Berisha has insisted that I submit nothing beyond the two points raised herein. He asks that the Court consider the written submission that he caused to be filed on ECF on April 5, 2013. (See Document No. 792)

[2] His "good time" date would have been October 28, 2012. (PSR ¶ 57)

33 months he will have already served at the time of sentencing" and that he receive a "reduction of the 33 months served." (See Probation Dep't Revised Sentence Recommendation, dated April 24, 2013, at 2).

I further note that had Berisha been charged in both districts at the same time, or had sentencing in the Southern District been adjourned until the conclusion of the Eastern District matter, he would be in a more favorable sentencing posture. The fact that he has completed his prior sentence is properly considered under 18 USC § 3553(a). See e.g. United States v. Walker, 2008 WL 2705598, No. 07-Cr-285, (E.D. Wisconsin July 10, 2008).

**Berisha has been held in difficult conditions at the MCC and MDC for nearly three years**

By the time he is sentenced, Berisha will have spent nearly 35 months incarcerated in local federal jails. The time he has served in these facilities is significantly harsher than incarceration in a federal prison. For example, Berisha is only permitted to go to the recreation area of the jail for a few hours a week. At the Metropolitan Detention Center, recreation occurs in an enclosed area – essentially a floor of the prison where the external walls have been replaced with fencing through which fresh air can pass. This is in contrast to federal prisons, where inmates are generally permitted daily outdoor recreation. Additionally, federal jails lack any programming, educational or otherwise. While Berisha attended high school in Kosovo, he has not received any formal English language education. (PSR ¶ 71) He intends to avail himself of any courses offered at the facility to which he is designated. I respectfully submit that these circumstances should be taken into account under 3553(a) in determining an appropriate sentence in this case.

Finally, I note as additional mitigating factors that Berisha will be deported at the conclusion of his sentence because despite his longtime residence in the United States, he did not obtain American citizenship. Further, because of his family's modest means (PSR ¶ 60-61), visits with his family members will be extremely limited during the pendency of his incarceration.

Respectfully yours,

Gerald Shargel /EU

Gerald L. Shargel

cc: Steven Tiscione
*Assistant United States Attorney*

Mary Ann Betts
*Senior United States Probation Officer*